McKELLOP *v.* JACKMAN AND ANOTHER.

*Witness. Gen. Sts. c.* 36, *s.* 24. *Administrator. Estoppel.*

In trespass for a quantity of wood, it appeared that plaintiff purchased the wood of C., who was mortgagor in possession after condition broken, after it was cut, but before it was removed from the mortgaged premises, and that defendant claimed title thereto as administrator of the estate of the mortgagee. Plaintiff sought to show by C. a parol license from the intestate to cut the wood, but the testimony was excluded. *Held,* no error, as the other party to the contract was dead.

There was evidence that the administrator saw plaintiff and C. cutting the wood, and made no objection. The court ruled that, as the wood was cut after condition broken, and not for necessary use upon, or improvement of, the farm, it vested in the administrator, although he knew of its being cut and did not forbid it; and directed a verdict for defendants. *Held,* that the administrator might be estopped from setting up title to the wood,⁴ the same as his intestate might have been, and that the question of whether or not plaintiff rightfully cut the wood, and had a title that defendants could not deny, should have been submitted to the jury.

TRESPASS and trover for a quantity of wood. The defendants pleaded the general issue, and gave notice setting forth, in substance, that the wood in question was cut on a farm upon which the defendant Jackman, as administrator of Langdon C. Wheelock, held a mortgage, executed by Calvin Carpenter, who was in possession as mortgagor, and who cut the wood after the law day

was passed and condition thereof broken, and after the title to the land had become absolute in the defendant Jackman ; that the wood was not cut for necessary use upon the farm, but wrongfully ; and that the title to the wood remained in the defendant Jackman, so that the plaintiff could have acquired none as against him from Carpenter, or otherwise. The defendants also pleaded that the defendant Jackman, administrator as aforesaid, prayed out a writ of attachment against the goods, &c., of said Carpenter, and put it into the hands of the defendant Averill, an officer duly qualified to serve the same, whereupon, on, &c., Averill, by virtue thereof, duly attached the wood on said farm as the property of Carpenter, and duly returned said writ, upon which such proceedings were had that judgment was rendered in favor of the defendant Jackman for $199 damages, and costs, and that execution thereupon issued, on which the wood was duly advertised and sold. Replication and issue. Trial by jury, at the September Term, 1876, REDFIELD, J., presiding.

The plaintiff introduced evidence tending to show that he purchased the wood in question of Carpenter, who was in possession of the farm when the wood was cut; that while the wood was being cut and drawn out on to the highway near the buildings on and within the limits of the farm, the plaintiff was at work for Carpenter for wages, and lived with him, and assisted in cutting the wood ; that after the wood was so drawn out, and before it was attached by the defendant Averill, the plaintiff and Carpenter estimated it at one hundred and forty cords, running measure, of sixteen-inch wood, and that the plaintiff then paid Carpenter therefor.

There was evidence introduced by the parties as to the matters alleged in the special plea, but as the case turned upon the matters alleged in the notice and the evidence given thereunder, it is not material to be stated.

Under the notice, the defendant Jackman introduced evidence tending to show that on September 23, 1870, Carpenter bought the farm of Wheelock for $5,400, and paid $700 of the purchase money, and, for the remainder, executed to Wheelock his twenty-five promissory notes, payable in one, two, three, &c., years re-

spectively, and secured by mortgage on the farm; that on September 23, 1873, the defendant Jackman having been appointed administrator, one of said notes for $100 and the interest thereon for two years, together with two years' interest on twenty-two other of said notes for $4,400, had become due; that thereafter, said note and interest being unpaid, Carpenter cut the wood in question; and that the trees cut were mostly maple, and were not cut for necessary use on, or improvement of, the mortgaged premises. It was not questioned that a part of the mortgage debt was overdue at the time the wood was cut, nor that the cutting of it diminished the value of the mortgaged premises.

The plaintiff introduced evidence tending to show that the defendants, before attaching the wood, had knowledge that the plaintiff had bought it of Carpenter and claimed to own it, and that defendant Jackman was present at one time and saw the plaintiff and Carpenter cutting the wood, and made no objection. The plaintiff also offered Carpenter as a witness, to prove that Wheelock, at the time he bought the farm, gave him license to cut thereon and sell all the wood he pleased. But the defendants objected, for that Wheelock, a party to the contract, was dead, so that Carpenter, the other party, was not a competent witness, though not a party to this suit; and the testimony was excluded; to which the plaintiff excepted. The court ruled upon the testimony, that the wood in question, having been cut after condition broken, and not for the necessary use and improvement of the premises, vested in the defendant Jackman, administrator, though he knew it was being cut, and had not forbidden the cutting, and that the plaintiff acquired no title thereto from Carpenter, though he bought it of Carpenter in good faith, and paid him for it; and directed a verdict for the defendants; to which the plaintiff excepted.

*Boyces* and *Wing*, for the plaintiff.

The plaintiff was a *bona fide* purchaser for value, and took title to the wood, especially as the defendant Jackman knew of the cutting, and made no objection. Gen. Sts. c. 52, s. 28; c. 55, ss. 2–4; c. 83, s. 9; *Morey* v. *McGuire*, 4 Vt. 327; *Lull* v. *Matthews*, 19 Vt. 322; *Langdon* v. *Paul*, 22 Vt. 205; *Wright &*

*Ainsworth* v. *Lake,* 80 Vt. 206 ; *Hagar* v. *Brainerd,* 44 Vt. 294 ; *Toby* v. *Reed,* 9 Conn. 216 ; *Carpenter* v. *Davis,* 15 Conn. 556 ; *Bunyan* v. *Mersereau,* 11 Johns. 534 ; *Adams* v. *Coniston,* 7 Minn. 456.

There was evidence for the jury on the question of license. *Smith* v. *Moore,* 11 N. H. 55.

The court erred in excluding the testimony of Carpenter. Jackman was not sued as administrator. The license was a collateral matter. *Davis, admr.* v. *Windsor Savings Bank,* 48 Vt. 532 ; *Taylor* v. *Finley,* 48 Vt. 78 ; *Downs* v. *Belden,* 46 Vt. 674 ; Gen. Sts. c. 36, s. 24.

*H. W. Heaton, C. H. Pitkin* and *H. A. Huse,* for the defendants.

The title and rights of the mortgagee vested upon his death in his personal representative, the defendant Jackman. Gen. Sts. c. 52, s. 27.

The wood was cut after condition broken, and not for the necessary use and improvement of the premises ; therefore the title to the wood remained in Jackman, who had the right to take it, or recover it or its value. *Johnson's admr.* v. *McGuire,* 4 Vt. 327 ; *Lull* v. *Matthews,* 19 Vt. 322 ; *Langdon* v. *Paul,* 22 Vt. 205 ; *Wright & Ainsworth* v. *Lake,* 30 Vt. 206 ; *Smith* v. *Goodwin,* 2 Greenl. 173 ; *Stowell* v. *Pike,* ib. 387 ; *Bussey* v. *Page,* 14 Me. 132 ; *Gove* v. *Jenness,* 19 Me. 53 ; *Frothingham* v. *McKusick,* 24 Me. 403 ; *Waterman & Wife* v. *Matteson,* 4 R. I. 539 ; *Page* v. *Robinson,* 10 Cush. 99 ; *Gooding* v. *Shea,* 103 Mass. 360 ; *Byrom* v. *Chapin,* 113 Mass. 308 ; *Smith* v. *Moore,* 11 N. H. 55 ; *Sanders* v. *Reed,* 12 N. H. 558 ; *Hitchman* v. *Walton,* 4 M. & W. 409.

Carpenter was not a competent witness to prove the license alleged to have been given at the time of the sale, because the other party to the license relied on, is dead. The exclusion of the testimony of Carpenter is within the letter and spirit of the first clause of the excluding proviso of s. 24, c. 36, Gen. Sts., and within the spirit of the second excluding clause of the same section. The two reasons assigned by the cases as the foundation of these

excluding clauses—the protection of estates of decedents, and the prevention of false testimony—both apply in this case. *Davis* v. *Windsor Savings Bank*, 48 Vt. 532; *Fitzsimmons* v. *Southwick*, 38 Vt. 509; *Hollister* v. *Young*, 42 Vt. 403; *Roberts, admr.* v. *Lund*, 45 Vt. 82; *Ford's Executors* v. *Cheney*, 40 Vt. 153. Moreover, the existence of the license alleged is wholly immaterial, and all proof of it is incompetent and irrelevant. For even if it was a license coupled with an interest, and so irrevocable, it was within the Statute of Frauds, as the subject-matter of the interest was standing timber. *Buck* v. *Pickwell*, 27 Vt. 157; *Giles* v. *Simonds*, 15 Gray, 441. But the exceptions, as well as the subject-matter, show that it was a mere license, and in its nature personal and revocable. 1 Am. Lead. Cas. 549, *et. seq.*; *Carter & Lewis* v. *Harlan*, 6 Md., 20; *Giles* v. *Simonds*, 15 Gray, 441; *Cook* v. *Stearns*, 11 Mass. 533. And as the license was a license to cut and sell timber, the privilege should have been exercised within a reasonable time, and under circumstances substantially existing when it was granted. *Gilman* v. *Wilber*, 12 Pick. 120. But the cutting by Carpenter was not within a reasonable time; and the circumstances had all changed. *Gilmore* v. *Wilber*, 12 Pick. 120; *Long* v. *Buchanan*, 27 Md. 502; *Drake* v. *Wells*, 11 Allen, 141. But aside from all this, Wheelock died before the wood was cut, and his death revoked the license. *Chandler* v. *Spear*, 22 Vt. 388; *Eggleston*, v. *N. Y. & H. R. R. Co.*, 35 Barb. 162; *Prince* v. *Case*, 10 Conn. 375; Bingh. Exec. Cont. 168, 170.

The opinion of the court was delivered by

POWERS, J.    The question controverted at the time was the title to the wood—the plaintiff standing upon a title derived from Carpenter, and the defendants standing upon the title claimed in Wheelock's estate.

The plaintiff sought to show a license from Wheelock to Carpenter to sell the wood. This proof tended to support the plaintiff's title—in fact would establish it, and entitle the plaintiff to judgment. The proof, then, touches the very issue or contract on trial. Wheelock being dead, Carpenter is not a competent

witness on this point; his evidence tends to lessen the assets of the estate of Wheelock.

Jackman, the administrator of Wheelock, stands precisely as Wheelock would have stood under the same circumstances. He may be estopped by his conduct in the same manner, from setting up title to the wood. The plaintiff's evidence tended to show that Jackman knew before attaching the wood that plaintiff had bought it, and claimed to own it, and that on one occasion he was present, and saw the plaintiff and Carpenter cutting the wood, and made no objection. This evidence, if believed, would support an estoppel, as against the estate, as effectually as it would had Wheelock, in life, known and seen the same facts and acts.

The County Court did not submit to the jury the question whether the plaintiff rightfully cut the wood, and had a title to it that the defendants could not question. Herein was error.

Judgment reversed, and a new trial granted.