## THOMAS STONE *v.* E. & T. FAIRBANKS & CO.

*Waiver of Lien.   Estoppel.   Evidence.   Conditional Deed.*

1. One may *waive* by *parol* a lien on lumber reserved in a conditional deed, to secure the purchase price of the land, on which the lumber was cut.*
2. If he does so waive it, he is *estopped* from setting up title to the lumber against a third party purchasing of the plaintiff, who had bid it off at a sheriff's sale to satisfy his debt against the grantee for cutting.
3. The facts,—that the lien-holder saw the plaintiff cutting the timber; that he made no objection to it ; and that the evidence tended to show that he knew he was cutting on *some* contract with the grantee, *tended to prove a waiver*, and should have been submitted to the jury.

THIS case was tried at the June Term, 1880, Ross, J., presid_ing, Caledonia County.

It is an action of assumpsit in common counts to recover for a quantity of lumber.   Plea, non-assumpsit, and trial by jury.

It appeared that the real defendant was L. F. Edwards, he having given his bond to the said E. & T. Fairbanks to save them from this suit.

It was testified to on trial, uncontradicted, that one Cota employed the plaintiff to cut a large number of logs for sawing, on what the plaintiff supposed was land belonging to said Cota, that Cota had before that time bought of said L. F. Edwards ; and the said Cota gave a lien on the logs to said Stone to secure him for his pay in cutting them.   The said Stone went and cut the logs according to his contract.   It was testified to, uncontradicted, that during the time Stone was cutting the logs Edwards came along and saw, and knew, Stone was cutting the logs, and made no objection to the same.   The evidence tended to show that Edwards knew that Stone was cutting the logs, under a contract with Cota, and made no objection to the cutting ; but there was no evidence tending to show that Edwards knew what the contract was, or that Stone had a lien on the logs to pay for the cutting ; and Edwards

---

* That a claim for damages caused by flowing land by means of a mill dam may be waived by *parol*, see *Seymour* v. *Carter*, 2 Metc. (Mass) 520.

10

on the stand denied having any such knowledge. The plaintiff brought a suit against Cota, and attached the same logs for his pay for the cutting. The logs were sold, Stone bidding them off, and then drew part of them into the mill of the defendants, and sold them to the defendants.

There was such a defect in the proceedings of the suit of Stone against Cota that the court held that Stone got no title to the logs, by virtue of the attachment and sale. The plaintiff claimed under his contract with Cota, and his lien on the logs, that he had a right to sell a sufficient number of the logs to pay him for the cutting ; that if Edwards knew of this contract, allowed the plaintiff to cut and draw the logs into the mill, he would be estopped from set ting up any title to them. The court held otherwise, to which the plaintiff excepted. It appeared that after Stone sold the logs he had bid off on that sale on his said execution against Cota to E. & T. Fairbanks & Co., had drawn into the mill a part of them, and Edwards set up a claim to the logs, and agreed with Fairbanks, if they would pay him he would indemnify them from Stone. And this suit is brought for the purpose of recovering pay for the logs, delivered to the mill by Stone, that had been cut by him, to the extent of his pay for the cutting. The said Edwards took upon himself the defense of the suit, and offered in evidence a copy of a deed from himself to Cota. The plaintiff objected to the admission of said copy, which was overruled ; to the admission of which the plaintiff excepted.

The defendant offered no evidence except said Edwards and said copy of deed ; and Edwards did not in any way or manner deny, but that he knew the plaintiff was cutting the logs for Cota under a contract, but did deny that he knew the terms of the contract, or that the plaintiff had by it a lien on the logs to pay for the cutting. The court held there was no evidence to go to the jury, and directed a verdict for the defendant, to which the plaintiff excepted. Exceptions allowed, execution stayed, and cause passed to the Supreme Court.

*J. P. Lamson,* for plaintiff.

If there was a defect in the sale on the execution, the plaintiff could sell under the statute enough to pay him for cutting. The

deed was not evidence, till it was shown that Cota had failed to pay according to the agreement, and because the certificate did not show when it was received for record, or was so received until after the logs were cut. Edwards is estopped from asserting title to the logs in himself. *Cady* v. *Owen,* 34 Vt. 598.

*Dickey & Brown,* for the defendant.

All the title the plaintiff had was derived from Cota ; and his title was by the conditional deed. Edwards' title is perfect unless he has done something by which he is estopped. He knew plaintiff was cutting, but how, or on what terms, he did not know—indeed, had no right to know. He did not induce the parties to contract. Stone's conduct was not in any manner influenced by the acts, words, or silence of Edwards. Therefore, Edwards is not now estopped from setting up his title. 35 Vt. 219.

The opinion of the court was delivered by

VEAZEY, J. The plaintiff's evidence tended to show that when he was cutting the logs Edwards saw him, and knew he was cutting them, and made no objection, and knew he was cutting them under a contract with Cota. Edwards denied that he knew what the contract was, or that the plaintiff had a lien on the logs for the cutting. It does not appear that Edwards ever asserted any claim to the logs under the provisions of his deed to Cota, until the plaintiff had sold them to the defendants, and drawn them to their mill.

This suit is brought to recover of the defendants for the logs sold to them, to the extent of the plaintiff's claim for cutting ; and Edwards has assumed the defence on the ground of his lien as provided in his deed to Cota. The plaintiff claimed in the County Court that if Edwards knew of his contract with Cota, by which the plaintiff was to have a lien on the logs to secure him for cutting them, and allowed the plaintiff to cut and draw the logs into the mill without objection, he would be estopped from setting up any title to them. The court held otherwise ; to which the plaintiff excepted.

*McKellop* v. *Jackman,* 50 Vt. 57, was a case where the plaintiff bought wood of a mortgagor, which was cut after condition

broken.   The plaintiff's evidence tended to show that the defend-
ant, who was the administrator of the estate of the deceased mort-
gagee, had knowledge before attaching the wood that the plaintiff
had bought it of the mortgagor, and claimed to own it, and that the
defendant was present at one time and saw the plaintiff and the
mortgagor cutting the wood, and made no objection.   The court
held that such evidence, if believed, would support an estoppel
upon the administrator claiming the wood ; and that it was error
not to submit to the jury the question, whether the plaintiff had a
title to the wood, that the defendant could not question.

In this case Edwards had sold the land to Cota by a conditional
deed, to the effect that if Cota should not pay the purchase price,
$3000, specified in several notes, payable from year to year, the
deed was to be void.   The deed then contained this clause :   " And
all the wood, timber and lumber of all kinds are to be held, and
all the crops raised on said land to be held by said Edwards for
the payment of said notes until fifteen hundred dollars are paid."
It would seem that the parties to the deed must have contemplated
that these payments should be met by the proceeds of the products
of this land ; and it is difficult to conceive how such proceeds could
be realized without some outgoes.   This is alluded to only as a
circumstance showing the situation of those parties.   Under the
circumstances Cota employed the plaintiff to cut a large number
of logs, and gave him a lien on the logs for the cutting, the plain-
tiff supposing the land belonged to Cota.

If said provisions of the deed gave Edwards the right to avail
himself of the logs cut on this land, including the expense of cut-
ting and drawing, it was a right which he could waive by parol ;
and one which he might naturally prefer to waive, to the extent
of the expense of cutting, in order that the cutting might be done ;
and this would be a good consideration for such waiver; especially
as between him and a third person doing the work.   If he made
such a waiver he would be estopped from claiming contrary to it.
We think the plaintiff's evidence tended to show such waiver ; and
that this question should have been submitted to the jury.

Exception was also taken to the admission in evidence of the
copy of the deed to Cota ; and this and other points are pressed

in argument; but as the bill of exceptions does not seem to have been drawn with a view to fully present those points, and as a decision of them on the bill as it stands would apparently be of no use in another trial, it is thought best not to pass upon them.

Judgment reversed, and new trial granted.